IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| RHETT JACKSON, *et al.*,<br><br>    Plaintiffs,<br><br>vs.<br><br>STATE FARM FIRE AND CASUALTY<br>COMPANY, *et al.*,<br><br>    Defendants. | )<br>)<br>)<br>)<br>)  Case No. CIV-22-754-D<br>)<br>)  (District Court of Cleveland County,<br>)    Oklahoma, Case No. CJ-2022-857)<br>)<br>) |

## ORDER REMANDING CASE

Before the Court is Plaintiffs' Motion to Remand [Doc. No. 10] under 28 U.S.C. § 1447(c), which challenges the jurisdictional basis for removal of this case to federal court by Defendant State Farm Fire and Casualty Company ("State Farm"). Plaintiffs dispute allegations of fraudulent joinder made in the Notice of Removal to establish diversity jurisdiction even though they have sued two nondiverse defendants – an insurance agent, Defendant Bob Watson Insurance Agency, Inc. ("Watson"), and an insurance adjuster, Defendant David Camp ("Camp"). For the following reasons, the Court finds State Farm has not carried its burden to show that Plaintiffs have no viable claim against a local defendant.[1]

---

[1] The Motion is fully briefed. State Farm points out in its Response that Plaintiffs' opening brief exceeds the page limit of LCvR7.1(e), and it urges the Court to either strike the Motion or disregard the excess pages. *See* Def.'s Resp. [Doc. No. 11] at 7. In the Reply, Plaintiffs' attorney apologizes for his mistake and repeats the argument that appears in the extra pages. *See* Pls.' Reply [Doc. No. 12] at 1. The Court accepts these steps as sufficient to cure the procedural error.

## Factual and Procedural Background

Plaintiffs filed suit in state court to recover damages from State Farm for breach of contract and breach of an insurer's duty of good faith and fair dealing after State Farm denied a claim under their homeowners' insurance policy for hail damage to the roof of their house. As an alternative to recovery under the policy, Plaintiffs sued State Farm and its agent, Watson, for fraud and deceit in allegedly making false representations that induced Plaintiffs to purchase the policy, and for negligent procurement of a policy that did not provide the coverage they requested for a specialized and unique roofing system. *See* Am. Pet. [Doc. No. 1-5], ¶¶ 14-37. Plaintiffs also sued Camp, an employee of State Farm who adjusted their insurance claim; they accused him of fraud and deceit based on alleged false representations that misled them and prevented a timely coverage decision. *Id*. ¶¶ 38-47. Like Plaintiffs, Watson and Camp are citizens of Oklahoma.

State Farm removed the case to federal court based on diversity jurisdiction under 28 U.S.C. § 1332 by claiming that Plaintiffs fraudulently joined Watson and Camp to defeat removal so their citizenship should be disregarded. *See* Notice of Removal [Doc. No. 1], ¶¶ 4, 6. State Farm asserted that Plaintiffs' pleading makes clear they lack "any possibility of recovery" against Watson or Camp and "there is no reasonable basis to believe the plaintiffs might succeed in" a claim against either defendant. *Id.* (quoting *Smith v. Allstate Vehicle & Prop. Ins. Co.*, No. CIV-14-0018-HE, 2014 WL 1382488, *1 (W.D. Okla. Apr. 8, 2014), and *Nerad v. AstraZeneca Pharms., Inc.*, 203 F. App'x 911, 913 (10th Cir. 2006)). State Farm stated that Plaintiffs' factual allegations show Watson procured a replacement cost policy as requested and the agent's alleged conduct did not

2

cause Plaintiffs' alleged damages, which are based on State Farm's adjustment of their claim and not inadequate coverage. *Id*. ¶¶ 8-11. State Farm alleged that Plaintiffs' claim against Camp fails under Oklahoma law because any misrepresentations he made fell within the scope of his employment and thus only his employer is liable. *Id*. ¶ 12. By their Motion, Plaintiffs dispute State Farm's characterization of their claims and assert that they have viable claims against both Watson and Camp.

## Standard of Decision

Subject matter jurisdiction over this case turns on the doctrine of fraudulent joinder. "To establish fraudulent joinder, the removing party must demonstrate either: 1) actual fraud in the pleading of jurisdictional facts, or 2) inability of the plaintiff to establish a cause of action against the non-diverse party in state court." *Dutcher v. Matheson*, 733 F.3d 980, 988 (10th Cir. 2013) (internal quotation omitted); *Long v. Halliday*, 768 F. App'x 811, 814 (10th Cir. 2019) (unpublished).[2] State Farm relies solely on the second basis. As the removing party, State Farm must establish federal jurisdiction exists. *See McPhail v. Deere & Co.*, 529 F.3d 947, 955 (10th Cir. 2008).

"The defendant seeking removal bears a heavy burden of proving fraudulent joinder, and all factual and legal issues must be resolved in favor of the plaintiff." *Dutcher*, 733 F.3d at 988 (internal quotation omitted); *Long*, 768 F. App'x at 814. In this case, State Farm must show "there is no possibility that [Plaintiffs] would be able to establish a cause of action against [the insurance agent] in state court." *See Montano v. Allstate Indem.*,

---

[2] Unpublished opinions are cited pursuant to Fed. R. App. P. 32.1(a) and 10th Cir. R. 32.1(A).

3

No. 99-2225, 2000 WL 525592, *1 (10th Cir. April 14, 2000) (unpublished); *Brazell v. Waite*, 525 F. App'x 878, 881 (10th Cir. 2013) (unpublished) ("the removing party must show that the plaintiff has no cause of action against the fraudulently joined defendant"). Stated differently, "the court must decide whether there is a reasonable basis to believe the plaintiff might succeed in at least one claim against the non-diverse defendant." *Nerad v. AstraZeneca Pharm., Inc.*, 203 F. App'x 911, 913 (10th Cir. 2006) (unpublished).

In assessing fraudulent joinder, "the court may pierce the pleadings, consider the entire record, and determine the basis of joinder by any means available." *Dodd v. Fawcett Publ'ns, Inc.*, 329 F.2d 82, 85 (10th Cir. 1964) (citations omitted); *see Smoot v. Chicago, Rock Island & Pac. R.R. Co.*, 378 F.2d 879, 881-82 (10th Cir. 1967) ("upon allegations of fraudulent joinder designed to prevent removal, federal courts may look beyond the pleadings to determine if the joinder, although fair on its face, is a sham or fraudulent device to prevent removal"); *accord Brazell v. Waite*, 525 F. App'x 878, 881 (10th Cir. 2013) (unpublished). The nonliability of a defendant alleged to be fraudulently joined must be "established with complete certainty." *See Smoot*, 378 F.2d at 882; *Dodd*, 329 F.2d at 85. "This standard is more exacting than that for dismissing a claim under Fed. R. Civ. P. 12(b)(6)." *Montano*, 2000 WL 525592 at *2.

## Discussion

State Farm contends the allegations in Plaintiffs' pleading show they "cannot possibly state a claim" against Watson or Camp because this case is not a coverage dispute but is "about the scope of repairs necessary to return Plaintiffs' synthetic slate tile roof to its pre-loss condition after a covered hailstorm." *See* Def.'s Resp. at 1; *id*. at 11-12 ("This

4

case strictly involves a dispute as to the scope of repair and value of loss."). Mindful that a single claim against a nondiverse defendant defeats federal jurisdiction, the Court's analysis begins and ends with Watson. Upon consideration, the Court is not persuaded by State Farm's argument that Plaintiffs' fraud claim against Watson necessarily fails.

A.  **Plaintiffs' Factual Allegations and Claims Against Watson**

Accepting the allegations of Plaintiffs' pleading, they originally purchased a homeowners insurance policy from State Farm through a different agent, Michael Ayers. Watson became their agent in 2004, and Plaintiffs spoke with Watson's office regarding their coverage needs, including their purchase of "a class 4 grade Inspire slate roof." *See* Am. Pet. ¶ 15 ("Inspire" being the manufacturer). In 2010, Plaintiffs installed a new "class 4 grade" roof and communicated over the phone with Watson's employees about insurance coverage for this type of roof. Plaintiffs were advised of benefits that included a discounted premium and "replacement cost value specific to the construction methods used on [their] unique roofing product." *Id*. The coverage represented and sold to Plaintiffs by Watson promised that in the event of a covered loss, State Farm "would pay for the replacement of the specific and unique materials utilized on their roof or necessary repairs specific to the Inspire slate class 4 grade shingle." *Id.*

Plaintiffs allegedly learned this promise was false when they submitted a claim for damage to their roof caused by a hailstorm in April 2021 and State Farm failed to consider "the unique repairs required for an Inspire roofing system." *Id*. Plaintiffs describe the adjustment of their claim as follows:

>Defendant State Farm hired its preferred engineering vendor, EDT Forensic Engineering & Consulting ("EDT"). The EDT report concluded that the damage to the Jackson Family's unique roofing system could be spot repaired, which ignored Oklahoma building codes, manufacturer specifications, and industry standard. Contrary to the representations made by Defendant Watson, Defendant State Farm wrote an estimate to repair only a portion of a roof contrary to the requirements by the Davinci Inspire brand. State Farm did so while knowing the Jackson Family had a unique roof and ignoring substantial evidence (including building codes, manufacturer specifications, and industry standard) to the contrary. The Jackson Family's contractor and roofing consultant informed State Farm that the manufacturer of the unique roofing material utilized on the Jackson Family's home confirmed that multiple overlapping tiles including those at the valleys that must be replaced on the Jackson Family's home are not considered a spot repair and cannot be treated as such. Rather, the affected slopes of the roof with the affected valleys must be fully replaced. This was confirmed by the manufacturer of the unique roofing material utilized on the Jackson Family's home. Even though Defendant State Farm was aware that the roofing system was unique and could not be spot repaired per the guidelines of Inspire, Defendant State Farm refused to pay substantial sums of insurance benefits in covered roof damages claiming it was not covered on the insurance policy. Instead, during the claim State Farm insisted the Jackon's [sic] insurance policy did not cover like kind and quality repairs specific to Inspire slate but rather only covers bending the slate upward and applying adhesive to the undersides of the slate. This is contrary to the promises of the agent as the Jackson roof does not have any "adhesive" on the roof, and it is contrary to the specific repairs (or replacement) necessitated by Inspire slate . . . . In effect, at the sale of the policy, and subsequent renewals of the insurance policy, the insurance company's agents promised coverage that would conform to repairing their unique roofing system appropriately (per the Davinci/Inspire guidelines) with like kind and quality in the event of hail damage- when the hail damage occurred State Farm claimed its policy in fact did not cover the unique construction methods and materials required for the Jackson Family's unique roof.

Am. Pet. ¶ 15.

In Count II of the Amended Petition, Plaintiffs claim based on these allegations that Watson's misrepresentations were material and false, and were made with knowledge of or reckless disregard for their falsity and with the intention that Plaintiffs would act on

them in purchasing insurance; that Plaintiffs did rely on them to purchase State Farm's policy; and that Plaintiffs "suffered loss of the policy coverage promised to them." *Id*. ¶¶ 16-21. In Count III, Plaintiffs rely on these same allegations and an allegation that they "specifically requested coverage for the specialty roof on their property" to assert a claim of negligence against Watson for "[f]ailing to procure and renew coverage for the home's unique roofing system that would provide replacement cost for like kind and quality repairs and replacement per Inspire slate tiles." *Id*. ¶¶ 24, 32.

**B.    State Farm's Showing of Fraudulent Joinder**

State Farm admits that Plaintiffs' legal theories may be asserted against an insurance agent under some circumstances, but it contends Plaintiffs' claims are inconsistent with or unsupported by the alleged facts. State Farm first asserts that the claims against Watson fail because Plaintiffs lack a causal connection between the alleged misconduct and any damage. State Farm argues that Plaintiffs cannot establish the causation element of either claim because, according to their own allegations, Plaintiffs were not harmed by Watson's failure to procure a particular type of policy but by State Farm's adjustment of a covered loss. *See* Def's Resp. at 10 ("the alleged injury is not that the policy did not cover the claim . . . [but] that State Farm has determined that a spot repair returns the home to pre-loss condition and Plaintiffs believe a spot repair is not sufficient"). Alternatively, viewed as a coverage dispute about a unique roofing system, State Farm contends Plaintiffs cannot show a false representation or negligent procurement because the policy provides the coverage Watson allegedly promised, that is, replacement cost coverage for property loss due to hail for which State Farm will "pay the cost to repair or replace with similar

construction and for the same use . . . the damaged part" of their house. *See id*. at 15-16 (quoting policy for "A1 Replacement Cost Loss Settlement – Similar Construction," emphasis omitted).

State Farm recognizes that, unlike a general promise of a "similar construction" repair, Plaintiffs expressly state in their Motion that Watson voiced familiarity with the manufacturer's repair guidelines for the specialized roof of their home and promised to procure coverage that would pay "to repair the roof to meet those guidelines and specialized needs." *Id*. at 14 (quoting Pls.' Mot. at 19, emphasis omitted). In addition to challenging these allegations as implausible, State Farm faults Plaintiffs for supplying different or additional facts in their Motion, and urges the Court to disregard any new factual allegations. *See id*. at 14-15 & n.7. Finally, State Farm argues that, if the Court considers Plaintiffs' added allegations regarding a promise of roof repairs according to the manufacturer's guidelines, jurisdictional discovery should be permitted so State Farm is not "deprived of its right to have this case heard in federal court." *Id*. at 18.

While these arguments may be persuasive to an extent, State Farm overlooks the standard of decision. There is no requirement that the Court's inquiry must be limited to the allegations of a plaintiff's complaint, and in fact, State Farm also presents materials outside the pleadings for consideration. *See* Def.' Resp., Ex. Nos. 3, 4 and 5. There also is no rule prohibiting a plaintiff from supplying additional factual details after fraudulent joinder is asserted. The Court accepts the general proposition advocated by State Farm that new allegations should not be considered in assessing a defendant's claim of fraudulent joinder. However, the rule as stated by some federal appellate courts is: "Post-removal

filings may not be considered . . . <u>when or to the extent that they present new causes of action or theories</u> not raised in the controlling petition filed in state court." *See Griggs v. State Farm Lloyds,* 181 F.3d 694, 700 (5th Cir. 1999) (emphasis added); *see also Cavallini v. State Farm Mut. Auto Ins. Co.,* 44 F.3d 256, 263 (5th Cir. 1995). Although the Tenth Circuit has not expressly adopted this rule, it is consistent with nonprecedential decisions. In *Nerad*, for example, the Tenth Circuit determined that a district court could assess a question of fraudulent joinder by considering whether a future amendment of the complaint might allow the plaintiff to state a fraud claim against the nondiverse defendant. *See Nerad*, 203 F. App'x at 914. This Court understands from *Nerad* that a district court can properly consider an amendment that restates or amplifies a claim that existed at the time of removal but was inadequately pleaded in the original complaint.

In this case, the Court finds that the additional allegations included in Plaintiffs' briefs are fully consistent with their pleading, which referred to the roofing manufacturer's repair guidelines. *See* Am. Pet., ¶ 15. Also, Plaintiffs expressly anticipated in their pleading that they would supplement their fraud allegations with "any factual details with specificity that they can identify that are not set forth above." *Id*. In their Motion, Plaintiffs are not making new allegations but fleshing out their original statements, after the need for more detail became clear. Under the circumstances, the Court cannot ignore Plaintiffs' allegations that they discussed with Watson a need for specialized coverage of a unique, synthetic slate roofing product that was subject to the manufacturer's requirements for repair or replacement. State Farm's own evidence suggests that

compliance with the manufacturer's guidelines was needed to preserve a product warranty. *See* Def.'s Resp., Ex. 4 [Doc. No. 11-4].

On the existing record, the Court cannot say that Plaintiffs have no possibility of recovery against Watson, and therefore, State Farm's claim of fraudulent joinder fails. The Court declines State Farm's informal request to delay a ruling to permit jurisdictional discovery because State Farm has not moved for such relief or stated a persuasive reason.[3]

## Conclusion

For these reasons, the Court finds that Defendant Bob Watson Insurance Agency, Inc. cannot be disregarded as a party and, thus, complete diversity of citizenship does not exist. Therefore, this Court lacks subject matter jurisdiction and must remand the case to state court under 28 U.S.C. § 1447(c).

**IT IS THEREFORE ORDERED** that Plaintiffs' Motion to Remand [Doc. No. 10] is **GRANTED**. This case is **REMANDED** to the District Court of Cleveland County, Oklahoma.

**IT IS SO ORDERED** this 20th day of December, 2022.

_____
TIMOTHY D. DeGIUSTI
Chief United States District Judge

---

[3] The removal statute permits a notice of removal to be filed within 30 days after the defendant receives a copy of a pleading or "other paper from which it may first be ascertained that the case is one which is or has become removable." *See* 28 U.S.C. § 1446(b)(3).